## Washington Crossing Park Police

Fuss, Deputy Attorney General, March 7, 1946.—
This department is in receipt of your request for
advice upon the following questions: By virtue of what
authority may persons be appointed as patrolmen to
preserve order in the Washington Crossing Park, and
with what powers are they vested upon appointment?

As a preliminary matter, it will be helpful to determine the legal status of the Washington Crossing
Park Commission, prior to considering the statutory
enactments directly relevant to the inquiry.

Section 202 of The Administrative Code of April 9,
1929, P. L. 177, as amended, 71 PS §62, provides as
follows:

"The following boards, commissions, and offices are
hereby placed and made departmental administrative
boards, commissions, or offices, as the case may be, in
the respective administrative departments mentioned
in the preceding section, as follows: . . .

"In the Department of Forests and Waters . . .

". . . Washington Crossing Park Commission, . . ."

It is clear from a plain reading of this provision
that the Washington Crossing Park Commission is a
departmental commission in the Department of Forests
and Waters, and not an independent commission.

The Act of July 25, 1917, P. L. 1209, as amended,
32 PS §1081 et seq., provides for the establishment of
Washington Crossing Park as a "public place or park";
for its improvement, preservation and maintenance;
for its use by the National Guard; and for the creation
of a commission to carry out the purposes of the act.

The Administrative Code of 1929 also provided in
section 1812 that the Washington Park Crossing Commission shall continue to exercise the powers and perform the duties by law vested in and imposed upon the
said commission. In order to determine the nature and
scope of these powers and duties, reference must be
made to the Act of 1917, supra. The relevant provi-

sions are contained in sections 4 and 5 of that act. The former section provides as follows:

"The commisioners of the said park, after they shall have secured possession of the said grounds, shall adopt plans for the improvement, preservation, and maintenance thereof, and shall have power to carry the same into execution, . . ."

The latter section provides:

"After the said premises shall have, as aforesaid, passed into the possession of the Commonwealth, they may, at any time or times hereafter, be used as a camping ground for the National Guard of Pennsylvania. Whenever the Governor, acting as commander-in-chief, shall direct said commissioners to open the grounds and park for the accommodation of the said guard or any portion thereof, it shall be the duty of the commissioners to make all necessary arrangements for such camps, to provide for sufficient water supply and drainage, *and during such camps to relinquish to the commanding officer, for the time being, all police control over and through the said park and grounds.*" (Italics supplied.)

Section 4 provides generally for the improvement, preservation and maintenance of Washington Crossing Park by the commissioners, but is silent on the subject of policing the parks. Section 5 touches upon the inquiry at hand only by statutory implication. Neither section provides in express terms for the control of police by the commission. The latter section of the Act of 1917, above quoted, provides merely for the relinquishment of all police control of and through the said park and grounds, upon condition of the use of the park by the National Guard. It appears by implication only, that when the park is not in use by the National Guard all police control is vested in the commission.

The Administrative Code of 1929 provides in article XVIII, sec. 1806(*a*), 71 PS §466, as follows:

"The Department of Forests and Waters shall have the power, and its duty shall be:

"(*a*) To supervise, maintain, improve, regulate, *police*, and preserve, all parks belonging to the Commonwealth, *except* the Pennsylvania State Park at Erie, *Washington Crossing Park*, Valley Forge Park, and Fort Washington Park;" (Italics supplied.)

The power to police directly involves the power to control the policemen who may be authorized to carry out their police duties. Inasmuch as clause (*a*) expressly withholds from the Department of Forests and Waters the power to police or control policemen in Washington Crossing Park, it is consistent with the implication raised by section 5 of the Act of 1917, that such power shall be vested in the Washington Crossing Park Commission. While the joint construction of these two provisions is not conflicting, and determines the matter of the control of policemen in Washington Crossing Park, it does not expressly or by implication settle the question of authority to *appoint* such policemen. With respect to the latter question, neither of these provisions are controlling. It is necessary to look to another enactment.

The Act of June 21, 1937, P. L. 1865, amended The Administrative Code of 1929, by adding clause (*h*) to section 1806 as follows:

"The Department of Forests and Waters shall have the power and its duty shall be: . . .

"(*h*) To appoint and commission persons to preserve order in the State parks, which persons shall have all of the following powers:

"(1) To make arrests without warrant for all violations of the law which they may witness, and to serve and execute warrants issued by the proper authorities: Provided, however, That in cases of offenses for violation of any of the provisions of the Vehicle Code, the power to make arrests without warrant shall be limited to cases where the offense is designated a felony

or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person.

"(2) To have all the powers and prerogatives conferred by law upon members of the police force of cities of the first class.

"(3) To have all the powers and prerogatives conferred by law upon constables of the Commonwealth.

"(4) To serve subpœnas issued for any examination, investigation or trial had pursuant to any law of the Commonwealth."

By virtue of this amending clause, the Department of Forests and Waters is given the express power and duty *to appoint and commission* persons to preserve order in the State parks without exception. Elementary principles of statutory construction establish the rule that every law shall be construed, if possible, to give effect to all its provisions, and the presumption that the legislature intends the entire statute to be effective and certain: Statutory Construction Law of May 28, 1937, P. L. 1019, article IV., secs. 51 and 52, 46 PS §§551 and 552.

Viewed in the light of these principles, there is no conflict between clause (*a*) of section 1806, enacted in 1929, and clause (*h*), amending that section by way of being added thereto in 1937. Clauses (*a*) and (*h*) are not irreconcilable. The former clause is general, and vests the Department of Forests and Waters with broad powers and duties to supervise, maintain, improve, regulate, police, and preserve all parks belonging to the Commonwealth, but specifically excepts Washington Crossing Park from the scope of that department's power.

There is a clear distinction between the power to police or control policing, and the power to appoint those persons whose duty it is to police. Whereas the former clause expressly denies to the Department of Forests and Waters the power among others, to police Wash-

ington Crossing Park, the latter section expressly and specifically vests the department with the power and duty to appoint and commission persons to preserve order in the State parks.

Any doubt as to the proper construction to be given to the general provisions contained in clause (a) and the particular provisions contained in clause (h), if irreconcilable, is resolved by the application of the Statutory Construction Act of 1937, supra. Section 73 of this act, 46 PS §573, provides as follows:

"Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; . . ."

Section 63 of this act, 46 PS §563, provides as follows:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

In this case, the general provision, clause (a), was enacted prior to the special provision, clause (h). Section 64, 46 PS §564, provides as follows:

"Except as provided in section sixty-three, whenever, in the same law, several clauses are irreconcilable, the clause last in order of date or position shall prevail."

In section 1806 of The Administrative Code of 1929, as amended, clause (h) is last in order of position as well as in order of date.

Clearly then in view of these provisions, the power to appoint patrolmen in Washington Crossing Park, as distinguished from the power to control such patrolmen in the exercise of their duties is vested in the Department of Forests and Waters.

The extent of the powers which such patrolmen, upon appointment, may exercise, is governed by the express provisions contained in subsections one to four, inclusive, of clause (*h*), section 1806, of The Administrative Code of 1929, supra, as quoted.

We are, therefore, of the opinion, and accordingly advise that by virtue of section 1806(*h*) of article XVIII of The Administrative Code of April 9, 1929, P. L. 177, as amended by the Act of June 21, 1937, P. L. 1865, section 1, and as otherwise and further amended, the Department of Forests and Waters is vested with the power and duty to appoint and commission persons to preserve order in Washington Crossing Park, which persons, in the wording of the said act shall have all of the following powers:

"(1) To make arrests without warrant for all violations of the law which they may witness, and to serve and execute warrants issued by the proper authorities: Provided, however, That in cases of offenses for violation of any of the provisions of the Vehicle Code, the power to make arrests without warrant shall be limited to cases where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person.

"(2) To have all the powers and prerogatives conferred by law upon members of the police force of cities of the first class.

"(3) To have all the powers and prerogatives conferred by law upon constables of the Commonwealth.

"(4) To serve subpœnas issued for any examination, investigation or trial had pursuant to any law of the Commonwealth."